UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY L. SIMPKINS, a/k/a DANNY L. OLMSTEAD,<br><br>                       Petitioner,<br>  v.<br><br>CHARLES L. RYAN, and ATTORNEY GENERAL OF THE STATE OF WASHINGTON,<br><br>                       Respondents. | No. C15-5466 BHS-KLS<br><br>ORDER TO SHOW CAUSE |

Petitioner Danny L. Simpkins filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of Arizona. Dkt. 1. The District Court for the District of Arizona granted Mr. Simpkins leave to proceed *in forma pauperis* and transferred his petition to this Court. Dkt. 5. The Court declines to serve the petition because it is deficient. However, Mr. Simpkins shall be given an opportunity to amend his petition or show cause why the petition should not be dismissed.

**DISCUSSION**

Mr. Simpkins names Arizona Department of Corrections Charles L. Ryan and the Attorney General of the State of Washington as Respondents. He alleges that in 1995 he was sentenced to 10 years probation in the State of Washington. In 1992, he was arrested in the State

ORDER TO SHOW CAUSE - 1

of Arizona on an unrelated matter and sentenced to prison. He is currently incarcerated at ASPC Eyman-Cook in Florence, Arizona. *Id.*, at 1. He states that his probation and the detainer stemming from Washington is fully expired. *Id.,* at 8.

Mr. Simpkins states that he "sought case information and filed a motion in Thurston County asking for a final disposition in the matter." He further states that the court has not responded to his request or his request for status. *Id.*, at 6. He states that he filed a "final disposition motion in Thurston County Superior Court on 1-15-15." *Id.*, at 7. He seeks an order determining that his sentence is fully expired and ordering the State of Washington to remove any and all detainers. *Id.*, at 8.

There is no evidence in the record that this matter was presented in the state court system, either by filing an appeal (from Thurston County's failure to respond to Mr. Simpkins' request for a final disposition) or by petitioning for a writ of habeas corpus under state law. The exhaustion of state remedies is necessary before this petition may be entertained by this Court. All federal habeas corpus actions, even those brought to challenge detainers under the Interstate Agreement on Detainers must first be exhausted in state courts. *See Cain v. Petrovsley*, 798 F.2d 1194, 1195 (8th Cir.1986). Mr. Simpkins must therefore file and pursue an appropriate action in the Washington state courts before this Court may entertain his petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1972) (petitioner must exhaust state remedies in the state which has filed the detainer against him) (dictum).

## CONCLUSION

This Court lacks jurisdiction to entertain Mr. Simpkins' petition unless he has first exhausted his remedies in the Washington state courts. Accordingly, it is **ORDERED:**

ORDER TO SHOW CAUSE - 2

1) Mr. Simpkins shall show cause or file an amended petition **by August 7, 2015** showing why his habeas petition should not be dismissed for lack of subject matter jurisdiction.

2) The Court Clerk is directed to mail a copy of this Order to Mr. Simpkins.

**DATED** this 16th day of July, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge