UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY L. SIMPKINS, a/k/a DANNY L. OLMSTEAD,

                  Petitioner,

v.

CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF WASHINGTON,

                  Respondents.

No. C15-5466 BJR-KLS

**REPORT AND RECOMMENDATION**
**Noted For: August 28, 2015**

Petitioner Danny L. Simpkins filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of Arizona. Dkt. 1. The District Court for the District of Arizona granted Mr. Simpkins leave to proceed *in forma pauperis* and transferred his petition to this Court. Dkt. 5. The Court declined to serve the petition because it is deficient but granted Mr. Simpkins leave to file an amended petition or to show cause why his petition should not be dismissed. Dkt. 8. Mr. Simpkins responds that he is unaware of the procedures required to exhaust in the State of Washington. He also asks that if the Court dismiss his case, it should do so without prejudice. Dkt. 10.

     The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. Simpkins names Arizona Department of Corrections Charles L. Ryan and the Attorney General of the State of Washington as Respondents. He alleges that in 1985 he was sentenced to 10 years probation in the State of Washington. In 1992, he was arrested in the State of Arizona on an unrelated matter and sentenced to prison. He is currently incarcerated at ASPC Eyman-Cook in Florence, Arizona. *Id.*, at 1. He states that his probation and the detainer stemming from Washington is fully expired. *Id.,* at 8.

Mr. Simpkins states that he "sought case information and filed a motion in Thurston County asking for a final disposition in the matter." He further states that the court has not responded to his request or his request for status. *Id.*, at 6. He states that he filed a "final disposition motion in Thurston County Superior Court on 1-15-15." *Id.*, at 7. He seeks an order determining that his sentence is fully expired and ordering the State of Washington to remove any and all detainers. *Id.*, at 8.

There is no evidence in the record that this matter was presented in the state court system, either by filing an appeal (from Thurston County's failure to respond to Mr. Simpkins' request for a final disposition) or by petitioning for a writ of habeas corpus under state law. The exhaustion of state remedies is necessary before this petition may be entertained by this Court. All federal habeas corpus actions, even those brought to challenge detainers under the Interstate Agreement on Detainers must first be exhausted in state courts. *See Cain v. Petrovsley*, 798 F.2d 1194, 1195 (8th Cir.1986). Mr. Simpkins must therefore file and pursue an appropriate action in the Washington state courts before this Court may entertain his petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443

REPORT AND RECOMMENDATION  - 2

(1972) (petitioner must exhaust state remedies in the state which has filed the detainer against him) (dictum).

## CONCLUSION

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Simpkins has exhausted his state judicial remedies. An evidentiary hearing is unnecessary. The Court also recommends **DENYING** issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 28, 2015**, as noted in the caption.

**DATED** this 6th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3